**B1 (Official Form 1) (4/10)**

| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Whipple, Gregory R.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Whipple, Janet D.** |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**None** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**None** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): **7612** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): **4937** |
| Street Address of Debtor (No. and Street, City, and State)<br>**2202 Rolling Ridge Lane<br>Lindenhurst, IL**    ZIPCODE **60046** | Street Address of Joint Debtor (No. and Street, City, and State)<br>**2202 Rolling Ridge Lane<br>Lindenhurst, IL**    ZIPCODE **60046** |
| County of Residence or of the Principal Place of Business:<br>**Lake** | County of Residence or of the Principal Place of Business:<br>**Lake** |
| Mailing Address of Debtor (if different from street address):<br>   ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>   ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>   ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check one box)
- [x] Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other **N.A.**

**Tax-Exempt Entity** (Check box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [x] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only)  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [ ] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes, in accordance with  11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> Gregory R. Whipple & Janet D. Whipple |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: N.A. | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual <br> whose debts are primarily consumer debts) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X   /s/ James T Magee          February 8, 2011 <br>         Signature of Attorney for Debtor(s)          Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐ Landlord has a judgment for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (4/10) | Page 3 |
|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Gregory R. Whipple & Janet D. Whipple |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Gregory R. Whipple
_____
Signature of Debtor

**X** /s/ Janet D. Whipple
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

February 8, 2011
_____
Date

---

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

---

**Signature of Attorney***

**X** /s/ James T Magee
_____
Signature of Attorney for Debtor(s)

JAMES T MAGEE 1729446
_____
Printed Name of Attorney for Debtor(s)

Magee, Negele & Associates, P.C.
_____
Firm Name

444 North Cedar Lake Road
_____
Address

Round Lake, Illinois 60073
_____

(847) 546-0055
_____
Telephone Number

February 8, 2011
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

---

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, 2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
**Northern District of Illinois**

In re  Gregory R. Whipple & Janet D. Whipple
_____
          Debtor(s)

Case No._____
          (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D)  (12/09) – Cont.                                                           Page 2

❐  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
      ❐   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
      ❐   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
      ❐   Active military duty in a military combat zone.

❐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   _____/s/ Gregory R. Whipple_____
                                      GREGORY R. WHIPPLE

Date:   ___February 8, 2011_____

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re <u>Gregory R. Whipple & Janet D. Whipple</u>                    Case No._____
Debtor(s)                                        (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑  1.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐  2.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D)  (12/09) – Cont.                                                    Page 2

☐  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**

☐  Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:    /s/ Janet D. Whipple
                              JANET D. WHIPPLE

Date:   February 8, 2011

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**B6 Cover (Form 6 Cover) (12/07)**

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

In re  Gregory R. Whipple & Janet D. Whipple _____     Case No. _____
_____
**Debtor**                                                           **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Marital Residence<br><br>2202 Rolling Ridge Lane<br>Lindenhurst, Illinois | Joint Tenancy | J | 220,000.00 | 216,676.00 |
| Christmas Mountain Time Share<br><br>Christmas Mountain<br>Wisconsin | Joint Tenancy | J | 5,000.00 | None |
| Blue Green Time Share | Joint Tenancy | J | 1,000.00 | 16,168.00 |
| ARI Time Share | Joint Tenancy | J | 1,000.00 | None |
| | | Total ➤ | 227,000.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**B6B (Official Form 6B) (12/07)**

In re   Gregory R. Whipple & Janet D. Whipple _____    Case No. _____
　　　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Deposits of Money (Chase Bank Checking #5443) Deposits of Money (Chase Bank #9890; Daughter's Account; Balance: $200) | J W | 800.00 0.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Couches, Livingroom Furniture and Televisions DVD Player, Lamps and Bedroom Set Diningroom Set, Washer and Dryer Kitchen Utensils, Kitchen Table and Chairs Stove, Refrigerator, Microwave, Freezer and Dishwasher | J J J J J | 400.00 375.00 500.00 500.00 500.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books and Pictures | J | 200.00 |
| 6.  Wearing apparel. | | Wearing Apparel | J | 500.00 |
| 7.  Furs and jewelry. | | Jewelry | J | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | Sports and Hobby Equipment Fitness and Exercise Equipment Camera and Home Computer | J J J | 100.00 250.00 500.00 |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | Cash Surrender Value in Life Insurance (Farmers New World Life #8495) Cash Surrender Value in Life Insurance (Farmers New World Life #6261) Cash Surrender Value in Life Insurance (Lincoln Financial Group #1193) | W W H | 7,900.00 1,300.00 10,300.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

In re   Gregory R. Whipple & Janet D. Whipple _____   Case No. _____
                **Debtor**                                           **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Cash Surrender Value in Life Insurance (Protective Life Insurance Co. #4854) | H | 1,400.00 |
| | | Cash Surrender Value (Northwestern Mutual #7098) | W | 1,000.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Rauland-Borg Corp. 401(k) Plan (Fidelity) | H | 56,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Hilltop Communications, Inc. (Ceased operation 8/4/10) | W | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

In re   Gregory R. Whipple & Janet D. Whipple                         Case No. _____
         **Debtor**                                                                **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Kia Sportage (75,000 miles)<br>1999 Kia Sephia (175,000 miles) | J<br>J | 10,000.00<br>1,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____ continuation sheets attached     Total   $   94,525.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C)  (04/10)

In re   Gregory R. Whipple & Janet D. Whipple                        Case No. _____
              **Debtor**                                                                          **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐   11 U.S.C. § 522(b)(2)              ☐  Check if debtor claims a homestead exemption that exceeds
☑   11 U.S.C. § 522(b)(3)                   $146,450*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Marital Residence | 735 ILCS 5/12-901 | 15,000.00 | 220,000.00 |
| | 735 ILCS 5/12-901 | 15,000.00 | |
| Christmas Mountain Time Share | 735 ILCS 5/12-1001(b) | 0.00 | 5,000.00 |
| | 735 ILCS 5/12-1001(b) | 0.00 | |
| Blue Green Time Share | 735 ILCS 5/12-1001(b) | 0.00 | 1,000.00 |
| | 735 ILCS 5/12-1001(b) | 0.00 | |
| ARI Time Share | 735 ILCS 5/12-1001(b) | 0.00 | 1,000.00 |
| | 735 ILCS 5/12-1001(b) | 0.00 | |
| Deposits of Money (Chase Bank Checking #5443) | 735 ILCS 5/12-1001(b) | 400.00 | 800.00 |
| | 735 ILCS 5/12-1001(b) | 400.00 | |
| Couches, Livingroom Furniture and Televisions | 735 ILCS 5/12-1001(b) | 200.00 | 400.00 |
| | 735 ILCS 5/12-1001(b) | 50.00 | |
| DVD Player, Lamps and Bedroom Set | 735 ILCS 5/12-1001(b) | 187.50 | 375.00 |
| | 735 ILCS 5/12-1001(b) | 50.00 | |
| Diningroom Set, Washer and Dryer | 735 ILCS 5/12-1001(b) | 250.00 | 500.00 |
| | 735 ILCS 5/12-1001(b) | 200.00 | |
| Kitchen Utensils, Kitchen Table and Chairs | 735 ILCS 5/12-1001(b) | 250.00 | 500.00 |
| | 735 ILCS 5/12-1001(b) | 150.00 | |
| Stove, Refrigerator, Microwave, Freezer and Dishwasher | 735 ILCS 5/12-1001(b) | 250.00 | 500.00 |
| | 735 ILCS 5/12-1001(b) | 200.00 | |
| Books and Pictures | 735 ILCS 5/12-1001(b) | 100.00 | 200.00 |
| | 735 ILCS 5/12-1001(b) | 100.00 | |
| Wearing Apparel | 735 ILCS 5/12-1001(a) | 250.00 | 500.00 |
| | 735 ILCS 5/12-1001(a) | 250.00 | |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6C (Official Form 6C) (04/10) -- Cont.

In re  Gregory R. Whipple & Janet D. Whipple                    Case No. _____
                        **Debtor**                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
## (Continuation Page)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Jewelry | 735 ILCS 5/12-1001(b) | 250.00 | 500.00 |
| | 735 ILCS 5/12-1001(b) | 250.00 | |
| Sports and Hobby Equipment | 735 ILCS 5/12-1001(b) | 50.00 | 100.00 |
| | 735 ILCS 5/12-1001(b) | 50.00 | |
| Fitness and Exercise Equipment | 735 ILCS 5/12-1001(b) | 125.00 | 250.00 |
| | 735 ILCS 5/12-1001(b) | 0.00 | |
| Camera and Home Computer | 735 ILCS 5/12-1001(b) | 250.00 | 500.00 |
| | 735 ILCS 5/12-1001(b) | 250.00 | |
| Cash Surrender Value in Life Insurance (Farmers New World Life #8495) | 735 ILCS 5/12-1001(f) | 7,900.00 | 7,900.00 |
| Rauland-Borg Corp. 401(k) Plan (Fidelity) | 735 ILCS 5/12-1006 | 56,000.00 | 56,000.00 |
| Hilltop Communications, Inc. (Ceased operation 8/4/10) | 735 ILCS 5/12-1001(b) | 0.00 | 0.00 |
| | 735 ILCS 5/12-1001(b) | 0.00 | |
| 2007 Kia Sportage (75,000 miles) | 735 ILCS 5/12-1001(c) | 2,400.00 | 10,000.00 |
| 1999 Kia Sephia (175,000 miles) | 735 ILCS 5/12-1001(c) | 1,500.00 | 1,500.00 |
| Cash Surrender Value in Life Insurance (Farmers New World Life #6261) | 735 ILCS 5/12-1001(b) | 1,300.00 | 1,300.00 |
| Cash Surrender Value in Life Insurance (Lincoln Financial Group #1193) | 735 ILCS 5/12-1001(f) | 10,300.00 | 10,300.00 |
| Cash Surrender Value in Life Insurance (Protective Life Insurance Co. #4854) | 735 ILCS 5/12-1001(f) | 1,400.00 | 1,400.00 |
| Deposits of Money (Chase Bank #9890; Daughter's Account; Balance: $200) | 735 ILCS 5/12-1001(b) | 0.00 | 0.00 |
| | 735 ILCS 5/12-1001(b) | 0.00 | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6C (Official Form 6C) (04/10) -- Cont.

In re   Gregory R. Whipple & Janet D. Whipple                                   Case No. _____
                    **Debtor**                                                                      **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
## (Continuation Page)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash Surrender Value (Northwestern Mutual #7098) | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6D (Official Form 6D) (12/07)

In re ___Gregory R. Whipple & Janet D. Whipple_____,   Case No. _____
              **Debtor**                                                                         **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6254 <br><br> BAC Home Loan Servicing <br> 7105 Corporate Drive <br> Plano, TX 75024 | | H | Lien: First Mortgage <br> Security: 2202 Rolling Ridge Lane, Lindenhurst, Illinois <br><br> VALUE $ 220,000.00 | | | | 172,534.00 | 0.00 |
| ACCOUNT NO. 4137 <br><br> Bluegreen Corp <br> 4960 Blue Lake Drive <br> Boca Raton, FL 33431 | | J | Lien: Time Share Loan <br> Security: Bluegreen Time Share <br><br> VALUE $ 1,000.00 | | | | 16,168.00 | 15,168.00 |
| ACCOUNT NO. 8746 <br><br> Chase Manhattan Mortgage <br> Attention:  Research Dept. <br> 3415 Vision Drive <br> Columbus, OH 43219 | | J | <br><br> VALUE $ 0.00 | | | | Notice Only | Notice Only |

__1_____ continuation sheets attached

Subtotal ▶ | $ 188,702.00 | $ 15,168.00
(Total of this page)

Total ▶ | $ | $
(Use only on last page)

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**B6D (Official Form 6D) (12/07) – Cont**.

In re    Gregory R. Whipple & Janet D. Whipple                ,          Case No. _____

**Debtor**                                                                  **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 8746<br><br>Chase Mortgage<br>10790 Rancho Bernardo Rd<br>San Diego, CA 92127 | | J | Lien: Second Mortgage<br>Security: 2202 Rolling Ridge Lane, Lindenhurst, Illinois<br><br>VALUE $          220,000.00 | | | | 44,142.00 | 0.00 |
| ACCOUNT NO. 8134<br><br>Kia Motors Finance<br>P. O. Box 20815<br>Fountain Valley, CA 92728 | | J | Lien: Automobile Loan<br>Security: 2007 Kia Sportage<br><br>VALUE $          10,000.00 | | | | 13,549.00 | 3,549.00 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | | |
|---|---|---|
| Subtotal (s)<br>(Total(s) of this page) | $    57,691.00 | $    3,549.00 |
| Total(s)<br>(Use only on last page) | $    246,393.00 | $    18,717.00 |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**B6E (Official Form 6E) (04/10)**

In re  Gregory R. Whipple & Janet D. Whipple                                  ,          Case No._____
_____
              Debtor                                                                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**B6E (Official Form 6E) (04/10) - Cont.**

In re____Gregory R. Whipple & Janet D. Whipple_____,      Case No._____
                            Debtor                                               (if known)

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    *Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

____1____  **continuation sheets attached**

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6E (Official Form 6E) (04/10) - Cont.

In re  Gregory R. Whipple & Janet D. Whipple_____,      Case No. _____
Debtor                                                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)     Sec. 507(a)(8)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above..)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2732 <br><br> I.D.E.S. <br> 33 South State Street <br> 10th Floor <br> Chicago, IL 60603-2802 | | W | State Employment Tax | | | | 1,668.00 | 0.00 | 1,668.00 |
| ACCOUNT NO. 1681 <br><br> Internal Revenue Service <br> 230 South Dearborn Street <br> Stop 5014CHI <br> Chicago, IL 60604 | | W | Incurred: 2009 Federal Withholding Tax | | | | 842.00 | 842.00 | 0.00 |
| ACCOUNT NO. <br><br> | | | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal ➤ <br> (Totals of this page) | $  2,510.00 | $ | $ |
| Total ➤ <br> (Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules) | $  2,510.00 | | |
| Totals ➤ <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $   842.00 | $  1,668.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07)

In re __Gregory R. Whipple & Janet D. Whipple__,        Case No. _____
            **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>Advocate Condell Medical Ctr <br>810 East Park, Suite 132 <br>Libertyville, IL 60048 | | J | Balance on Account | | | | 230.41 |
| ACCOUNT NO. 8237 <br><br>AT&T <br>225 West Randolph Street <br>Floor 27A <br>Chicago, IL 60606 | | W | Balance on Business Account | | | | 2,878.23 |
| ACCOUNT NO. 3457 <br><br>Bank of America <br>Attn: Bankruptcy <br>P. O. Box 26012 <br>Greensboro, NC 27410 | | W | | | | | Notice Only |
| ACCOUNT NO. 7816 <br><br>Bank of America <br>c/o Freedman Anselmo Lindberg <br>P. O. Box 3228 <br>Naperville, IL 60566-7228 | | W | | | | | Notice Only |

___8___continuation sheets attached        Subtotal ►    $        3,108.64

                                                                        Total ►    $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Gregory R. Whipple & Janet D. Whipple_____ ,          Case No. _____
                    **Debtor**                                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  8881<br><br>Bank of America<br>P. O. Box 15026<br>Wilmington, DE 19850 | | H | Balance on Account | | | | 971.00 |
| ACCOUNT NO.  3457<br><br>Bank of America<br>P. O. Box 15311<br>Wilmington, DE 19884 | | W | Balance on Business Account | | | | 8,420.00 |
| ACCOUNT NO.  1644<br><br>BankFinancial FSB<br>c/o Transworld Systems<br>1375 E. Woodfield Rd., #110<br>Schaumburg, IL 60173 | | W | | | | | Notice Only |
| ACCOUNT NO.  1644<br><br>BankFinancial FSB<br>Manager Exceptions<br>6415 West 95th Street<br>Chicago RIdge, IL 60415 | | W | Balance on Business Account | | | | 105.32 |
| ACCOUNT NO.  3868<br><br>Capital One<br>P. O. Box 30285<br>Salt Lake City, UT 84130-0285 | | W | Balance on Business Account | | | | 1,468.99 |

Sheet no. __1__ of __8__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► | $ | 10,965.31

Total ► | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re ___Gregory R. Whipple & Janet D. Whipple_____,          Case No. _____
                     **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0714<br><br>Capital One<br>P. O. Box 85520<br>Richmond, VA 23285 | | H | Balance on Account | | | | 9,998.00 |
| ACCOUNT NO.  2208<br><br>Capital One, N.A.<br>c/o American Infosource<br>P. O. Box 54529<br>Oklahoma City, OK 73154 | | H | | | | | Notice Only |
| ACCOUNT NO.  8071<br><br>Condell Medical Center<br>c/o Computer Credit, Inc.<br>P. O. Box 5238<br>Winston-Salem, NC 27113-5238 | | J | | | | | Notice Only |
| ACCOUNT NO.<br><br>Condell Medical Center<br>c/o Harris & Harris, Ltd.<br>222 Merchandise Mart, #1900<br>Chicago, IL 60654 | | J | | | | | Notice Only |
| ACCOUNT NO.  7756<br><br>Dex<br>8519 Innovation Way<br>Chicago, IL 60682-0085 | | W | Balance on Business Account | | | | 187.16 |

Sheet no. _2_ of _8_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤   $          10,185.16

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re ___Gregory R. Whipple & Janet D. Whipple_____,    Case No. _____

         **Debtor**                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  6046<br><br>Discover Financial<br>Attn: Bankruptcy Dept<br>P. O. Box 3025<br>New Albany, OH 43054 | | H | | | | | Notice Only |
| ACCOUNT NO.  9629<br><br>Discover Financial<br>P. O. 15316<br>Wilmington, DE 19850 | | H | Balance on Account | | | | 3,249.78 |
| ACCOUNT NO.  9629<br><br>Discover Financial<br>c/o Capital Management<br>726 Exchange Street, #700<br>Buffalo, NY 14210 | | H | | | | | Notice Only |
| ACCOUNT NO.  8720<br><br>DSNB Macys<br>9111 Duke Blvd<br>Mason, OH 45040 | | W | Balance on Account | | | X | 58.00 |
| ACCOUNT NO.  9643<br><br>DSNB Macys<br>c/o Associated Recovery<br>P. O. Box 469046<br>Escondido, CA 92046-9046 | | W | | | | | Notice Only |

Sheet no. __3__ of __8__ continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

              Subtotal ►   | $ | 3,307.78 |

                 Total ►   | $ | |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  Gregory R. Whipple & Janet D. Whipple_____ ,    Case No. _____
                          **Debtor**                                                                          **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2222 <br><br> Hearing Associates, P. C. <br> c/o Dependon Collection <br> P. O. Box 4833 <br> Oak Brook, IL 60522 | | W | Balance on Account | | | | 254.00 |
| ACCOUNT NO. opCo <br><br> Hilltop LLC <br> 1590 S. Milwaukee Avenue <br> Suite 215 <br> Libertyville, IL 60048 | | W | Business Lease | | | | 1,620.70 |
| ACCOUNT NO. 7788 <br><br> IL Bone and Joint Institute <br> 5057 Paysphere Circle <br> Chicago, IL 60674 | | J | Balance on Account | | | | 254.00 |
| ACCOUNT NO. P722 <br><br> Illinois Services Directory <br> Manufacturers' News, Inc. <br> 1633 Central Street <br> Evanston, IL 60201-1569 | | W | Balance on Business Account | | | | 134.00 |
| ACCOUNT NO. 8069 <br><br> Infinity Healthcare Phy <br> c/o NCO/Inovision <br> 507 Prudential Road <br> Horsham, PA 19044 | | J | | | | | Notice Only |

Sheet no. __4__ of __8__ continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 2,262.70

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re   Gregory R. Whipple & Janet D. Whipple_____,          Case No. _____
            **Debtor**                                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  8069 <br><br> Infinity Healthcare Phys. <br> c/o NCO-medclr <br> P. O. Box 8547 <br> Philadelphia, PA 19101 | | W | Balance on Account | | | | 30.00 |
| ACCOUNT NO.  8720 <br><br> Macys/FDSB <br> Macy's Bankruptcy <br> P. O. Box 8053 <br> Mason, OH 45040 | | W | | | | | Notice Only |
| ACCOUNT NO.  0410 <br><br> MCI <br> c/o LVNV Funding <br> P. O. Box 740281 <br> Houston, TX 77274 | | H | Balance on Account | | | X | 106.00 |
| ACCOUNT NO.  2109 <br><br> North Shore Medical Group <br> c/o Med Business Bureau <br> 1460 Renaissance Drive <br> Park Ridge, IL 60068 | | J | Balance on Account | | | | 867.00 |
| ACCOUNT NO.  6360 <br><br> Northshore Laboratory Services <br> c/o Transworld Systems <br> 1375 E. Woodfield Road, #110 <br> Schaumburg, IL 60173 | | J | Balance on Account | | | | 237.00 |

Sheet no.  5  of  8  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $   1,240.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Gregory R. Whipple & Janet D. Whipple_____,      Case No. _____
          **Debtor**                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> NorthShore University Health <br> 9851 Eagle Way <br> Chicago, IL 60678-0001 | | J | Balance on Account | | | | 237.00 |
| ACCOUNT NO. <br> NorthShore University Health <br> c/o Medical Recovery <br> 2250 E. Devon Ave., #352 <br> Des Plaines, IL 60018-4519 | | J | Balance on Account | | | | 443.18 |
| ACCOUNT NO.  8098 <br> Sears/Citibank <br> 133200 Smith Road <br> Cleveland, OH 44130 | | H | Balance on Account | | | | 372.00 |
| ACCOUNT NO.  6493 <br> Sears/Citibank <br> 701 East 60th Street N <br> Sioux Falls, SD 57117 | | H | Balance on Account | | | | 2,628.16 |
| ACCOUNT NO.  7412 <br> Target <br> P. O. Box 560284 <br> Dallas, TX 75356 | | W | Balance on Account | | | | 3,638.00 |

Sheet no. _6_ of _8_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $  7,318.34

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re   Gregory R. Whipple & Janet D. Whipple                    ,          Case No. _____
              **Debtor**                                                                          **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  296M<br><br>Telescan<br>10679 Midwest Industrial Blvd.<br>St. Louis, MO 63132 | | W | Balance on Business Account | | | | 5,433.76 |
| ACCOUNT NO.<br><br>University of Chicago Med Ctr<br>c/o Trustmark Recovery Serv.<br>841 Otis Bowen Drive<br>Munster, IN 46321 | | J | Balance on Account | | | | 273.18 |
| ACCOUNT NO.  6185<br><br>Wells Fargo Bank NA<br>c/o Client Services, Inc.<br>3451 Harry Truman Blvd.<br>St. Charles, MO 63301-4047 | | W | | | | | Notice Only |
| ACCOUNT NO.  4437<br><br>Wells Fargo Business<br>P. O. Box 29482<br>Phoenix, AZ 85038 | | W | Balance on Business Account | | | | 6,355.00 |
| ACCOUNT NO.  4437<br><br>Wells Fargo/Security Credit<br>c/o Leading Edge Recovery<br>5440 N. Cumberland Ave., #300<br>Chicago, IL 60656-1490 | | W | | | | | Notice Only |

Sheet no. _7_ of _8_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤    $    12,061.94

Total ➤    $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re   Gregory R. Whipple & Janet D. Whipple_____,                    Case No. _____
                          **Debtor**                                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0684<br><br>Yellow Pages United<br>P. O. Box 53251<br>Atlanta, GA 30355 | | W | Balance on Business Account | | | | 592.00 |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no. __8__ of __8__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | Subtotal ➤ | $ | 592.00 |
|---|---|---|---|
| | Total ➤ | $ | 51,041.87 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6G (Official Form 6G) (12/07)

In re  Gregory R. Whipple & Janet D. Whipple                              Case No. _____
_____                                              (if known)
                    **Debtor**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

      Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the
names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or
contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe,
guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Hilltop LLC<br>1590 S. Milwaukee Avenue<br>Suite 215<br>Libertyville, IL 60048 | Business Lease |
| | |
| | |
| | |
| | |
| | |
| | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**B6H (Official Form 6H) (12/07)**

In re   Gregory R. Whipple & Janet D. Whipple                    Case No. _____
_____
               **Debtor**                                                            **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B6I (Official Form 6I) (12/07)

In re    Gregory R. Whipple & Janet D. Whipple _____    Case _____
            **Debtor**                                                              **Case**         (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:    Married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): daughter, son | AGE(S): 18, 16 |

| **Employment:** | **DEBTOR** | **SPOUSE** |
|---|---|---|
| Occupation | Production Supervisor | Home Healthcare |
| Name of Employer | Rauland-Borg Corporation | MLM Homecare Services |
| How long employed | 7 Years | 9 Months |
| Address of Employer | Mt. Prospect, Illinois | Libertyville, Illinois |
| | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 5,500.00 | $ 1,900.00 |
| 2. | Estimated monthly overtime | $ 0.00 | $ 0.00 |
| 3. | SUBTOTAL | $ 5,500.00 | $ 1,900.00 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ 1,101.87 | $ 380.00 |
| | b. Insurance | $ 444.06 | $ 0.00 |
| | c. Union Dues | $ 0.00 | $ 0.00 |
| | d. Other (Specify:_____) | $ 0.00 | $ 0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,545.93 | $ 380.00 |
| 6.. | TOTAL NET MONTHLY TAKE HOME PAY | $ 3,954.07 | $ 1,520.00 |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. | Income from real property | $ 0.00 | $ 0.00 |
| 9. | Interest and dividends | $ 0.00 | $ 0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. | Social security or other government assistance ( Specify) | $ 0.00 | $ 0.00 |
| 12. | Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. | Other monthly income _____ (Specify) _____ | $ 0.00  $ 0.00 | $ 0.00  $ 0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 3,954.07 | $ 1,520.00 |
| 16. | COMBINED AVERAGE  MONTHLY INCOME  (Combine column totals from line 15) | $ 5,474.07 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Income varies based on hours and may be less. _____

_____

_____

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

In re   Gregory R. Whipple & Janet D. Whipple _____    Case No. _____
             **Debtor**    **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,715.00 |
|    a. Are real estate taxes included?   Yes √ No _____ | |
|    b. Is property insurance included?   Yes √ No _____ | |
| 2. Utilities: a. Electricity and heating fuel | $ 300.00 |
|           b. Water and sewer | $ 60.00 |
|           c. Telephone | $ 150.00 |
|           d. Other Cell Phone | $ 200.00 |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 750.00 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 30.00 |
| 7. Medical and dental expenses | $ 200.00 |
| 8. Transportation (not including car payments) | $ 600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 200.00 |
| 10.Charitable contributions | $ 0.00 |
| 11.Insurance (not deducted from wages or included in home mortgage payments) | |
|           a. Homeowner's or renter's | $ 0.00 |
|           b. Life | $ 150.00 |
|           c. Health | $ 0.00 |
|           d.Auto | $ 250.00 |
|           e. Other_____ | $ 0.00 |
| 12.Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify)_____ | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|           a. Auto | $ 385.00 |
|           b. Other   Second Mortgage | $ 379.00 |
|           c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $ 5,569.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

   None _____
   _____
   _____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
|    a. Average monthly income from Line 15 of Schedule I (Includes spouse income of $1,520.00. See Schedule I) | $ 5,474.07 |
|    b. Average monthly expenses from Line 18 above | $ 5,569.00 |
|    c. Monthly net income (a. minus b.)   (Net includes Debtor/Spouse combined Amounts) | $ -94.93 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**B6 Summary (Official Form 6 - Summary) (12/07)**

# United States Bankruptcy Court
## Northern District of Illinois

In re ___Gregory R. Whipple & Janet D. Whipple_____

Case No. _____

Debtor

Chapter ___7_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $  227,000.00 | | |
| B – Personal Property | YES | 3 | $  94,525.00 | | |
| C –  Property Claimed as exempt | YES | 3 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $  246,393.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $  2,510.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 9 | | $  51,041.87 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $  5,474.07 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $  5,569.00 |
| **TOTAL** | | 25 | $  321,525.00 | $  299,944.87 | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-0220 - Adobe PDF

# United States Bankruptcy Court
### Northern District of Illinois

In re   Gregory R. Whipple & Janet D. Whipple          Case No. _____

                        Debtor

                                                        Chapter    7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 2,510.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 2,510.00 |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 5,474.07 |
| Average Expenses (from Schedule J, Line 18) | $ 5,569.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 7,465.00 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 18,717.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 842.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 1,668.00 |
| 4. Total from Schedule F | | $ 51,041.87 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 71,426.87 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

In re _____     Gregory R. Whipple & Janet D. Whipple     Case No. _____

                  **Debtor**                                                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____27_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___February 8, 2011___            Signature: ___/s/ Gregory R. Whipple___
                                                                 Debtor:

Date ___February 8, 2011___            Signature: ___/s/ Janet D. Whipple___
                                                           (Joint Debtor, if any)

                                         [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

        I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                               Social Security No.
of Bankruptcy Petition Preparer                                  *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____        _____
      Signature of Bankruptcy Petition Preparer                                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____

                                                _____
                                            [Print or type name of individual signing on behalf of debtor.]

                          *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In Re  Gregory R. Whipple & Janet D. Whipple

Case No. _____
(if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2011(db) | $ 4,958. | Employment |
| 2010(db) | $68,500. | Employment |
| 2009(db) | $71,289. | Employment |
| | | |
| 2011(jdb) | $ 2,020. | Employment |
| 2010(jdb) | $15,613. | Employment |
| 2009(jdb) | $15,301. | Employment |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**2.    Income other than from employment or operation of business**

None

☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                           SOURCE

---

**3.  Payments to creditors**

None

☐

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Current monthly mortgage and car payments | | | |

---

None

☒

*b. Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*)  any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative   repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☒    *c. All debtors:*   List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.   Suits and administrative proceedings, executions, garnishments and attachments**

None

☐    a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Bank of America, N.A. v. Janet Whipple, et al. Case No. 09 SC 7816 | Small Claims Proceedings | Circuit Court of Lake County, Illinois | Pending |
| Target National Bank v. Janet D. Whipple Cse No. 10 SC 4606 | Small Claims Proceedings | Circuit Court of Lake County, Illinois | Judgment Entered; Garnishment Released |

None

☒    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.    Repossessions, foreclosures and returns**

None

☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.    Assignments and Receiverships**

None

☒    a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

☒    b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.    Gifts**

None

☒    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.   (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**8.   Losses**

None

☒

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.   Payments related to debt counseling or bankruptcy**

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| James T. Magee<br>Magee, Negele & Associates, P.C.<br>444 North Cedar Lake Road<br>Round Lake, Illinois 60073 | Payor: Debtor | $3,600.00 |

**10.   Other transfers**

None

☒

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None

☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.   Closed financial accounts**

None

☐         List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Fifth Third Bank | Closing Balance: $  Zero | January, 2010 |

**12.   Safe deposit boxes**

None

☒         List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.     (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.   Setoffs**

None

☒         List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.   Property held for another person**

None

☐         List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Elysia Whipple | Joint on Daughter's Bank Account (convenience signer) $200.00 | Chase Bank |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**15.  Prior address of debtor**

None


       If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                               NAME USED                              DATES OF OCCUPANCY

---

**16.  Spouses and Former Spouses**

None
☒

     If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

       NAME

---

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

      "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

      "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

---

None
☒

    a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME                  NAME AND ADDRESS          DATE OF              ENVIRONMENTAL
AND ADDRESS             OF GOVERNMENTAL UNIT       NOTICE                      LAW

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☒

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☒

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None
☐

a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Hilltop Communitations, Inc. | 36-4131681 | | Answering Service | 1996 to August 4, 2010 |

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☒

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, record and financial statements**

None    a.    List all bookkeepers and accountants who within the two years immediately preceding the filing of this
☐         bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                     DATES SERVICES RENDERED

Hal Roseth
Kohn, Roseth & Assoc.
Highland Park, Illinois

None    b.    List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy
☒         case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                     DATES SERVICES RENDERED

None    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the
☒         books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                          ADDRESS

None    d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom
☒         a financial statement was issued within the two years immediately preceding the commencement of this case by
           the debtor.

NAME AND ADDRESS                                     DATE
                                                     ISSUED

**20.  Inventories**

None ☒     a.     List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
| | | (Specify cost, market or other basis) |

None ☒     b.     List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21.  Current Partners, Officers, Directors and Shareholders**

None ☒     a.     If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☒     b.     If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22.  Former partners, officers, directors and shareholders**

None ☒     a.     If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒     b.     If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

**23.    Withdrawals from a partnership or distribution by a corporation**

None
☒

If the debtor is a partnership or a corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24.    Tax Consolidation Group**

None
☒

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25.    Pension Funds**

None
☒

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

*    *    *    *    *    *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    February 8, 2011                                  Signature        /s/ Gregory R. Whipple
                                                          of Debtor        _____
                                                                           GREGORY R. WHIPPLE

Date    February 8, 2011                                  Signature        /s/ Janet D. Whipple
                                                          of Joint Debtor  _____
                                                                           JANET D. WHIPPLE

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

<u>    0    </u> continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110(c).)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

Gregory R. Whipple & Janet D. Whipple

In re _____ ,    Case No. _____
                    Debtor                                                Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate.  *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

---

| Property No.  1 | |
|---|---|
| **Creditor's Name:**<br> BAC Home Loans | **Describe Property Securing Debt:**<br> Marital Residence |

Property will be *(check one)*:

☐ Surrendered                    ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☑ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt                    ☐ Not claimed as exempt

---

| Property No. 2  *(if necessary)* | |
|---|---|
| **Creditor's Name:**<br> Chase Mortgage | **Describe Property Securing Debt:**<br> Marital Residence |

Property will be *(check one)*:

☐ Surrendered                    ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☑ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt                    ☐ Not claimed as exempt

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B8 (Official Form 8) (12/08)                                                                                          Page 2

**PART B** - Personal property subject to unexpired leases.  *(All three columns of Part B must be completed for Each unexpired lease.  Attach additional pages if necessary.)*

| Property No.  1     NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES        ☐ NO |

| Property No.  2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES        ☐ NO |

| Property No.  3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES        ☐ NO |

_____1_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my Estate securing debt and/or personal property subject to an unexpired lease.**

Date: February 8, 2011 _____

/s/ Gregory R. Whipple _____
Signature of Debtor

/s/ Janet D. Whipple _____
Signature of Joint Debtor

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

B8 (Official Form8)(12/08)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A**   - Continuation

---

Property No: 3

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Bluegreen Corp. | Blue Green Time Share |

Property will be  *(check one)*:

☐ Surrendered          ☑ Retained

If retaining the property, I intend to  *(check at least one)*:

☑ Redeem the property

☐ Reaffirm the debt

☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C.§522(f)).

Property is  *(check one)*:
☑ Claimed as exempt                    ☐ Not claimed as exempt

---

Property No: 4

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Kia Motors Finance | 2007 Kia Sportage (75,000 miles) |

Property will be  *(check one)*:

☐ Surrendered          ☑ Retained

If retaining the property, I intend to  *(check at least one)*:

☐ Redeem the property

☑ Reaffirm the debt

☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C.§522(f)).

Property is  *(check one)*:
☑ Claimed as exempt                    ☐ Not claimed as exempt

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-0210 - Adobe PDF

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

In Re:                                      Case Number:


Gregory R. Whipple                          **Chapter 7**
Janet D. Whipple


**VERIFICATION OF MAILING MATRIX**


**The above-named Debtor(s) hereby verifies that the attached list of creditors is
true and correct to the best of my (our) knowledge.**


**Dated:** _____


_____
Debtor


_____
Joint Debtor


**James T. Magee [#01729446]**
**MAGEE, NEGELE & ASSOCIATES, P.C.**
**444 North Cedar Lake Road**
**Round Lake, Illinois 60073**
**(847) 546-0055**

Advocate Condell Medical Ctr
810 East Park, Suite 132
Libertyville, IL 60048

Capital One
P. O. Box 30285
Salt Lake City, UT 84130-0285

Discover Financial
c/o Capital Management
726 Exchange Street, #700
Buffalo, NY 14210

AT&T
225 West Randolph Street
Floor 27A
Chicago, IL 60606

Capital One
P. O. Box 85520
Richmond, VA 23285

DSNB Macys
9111 Duke Blvd
Mason, OH 45040

BAC Home Loan Servicing
7105 Corporate Drive
Plano, TX 75024

Capital One, N.A.
c/o American Infosource
P. O. Box 54529
Oklahoma City, OK 73154

DSNB Macys
c/o Associated Recovery
P. O. Box 469046
Escondido, CA 92046-9046

Bank of America
Attn: Bankruptcy
P. O. Box 26012
Greensboro, NC 27410

Chase Manhattan Mortgage
Attention:  Research Dept.
3415 Vision Drive
Columbus, OH 43219

Hearing Associates, P. C.
c/o Dependon Collection
P. O. Box 4833
Oak Brook, IL 60522

Bank of America
c/o Freedman Anselmo Lindberg
P. O. Box 3228
Naperville, IL 60566-7228

Chase Mortgage
10790 Rancho Bernardo Rd
San Diego, CA 92127

Hilltop LLC
1590 S. Milwaukee Avenue
Suite 215
Libertyville, IL 60048

Bank of America
P. O. Box 15026
Wilmington, DE 19850

Condell Medical Center
c/o Computer Credit, Inc.
P. O. Box 5238
Winston-Salem, NC 27113-5238

Hilltop LLC
1590 S. Milwaukee Avenue
Suite 215
Libertyville, IL 60048

Bank of America
P. O. Box 15311
Wilmington, DE 19884

Condell Medical Center
c/o Harris & Harris, Ltd.
222 Merchandise Mart, #1900
Chicago, IL 60654

I.D.E.S.
33 South State Street
10th Floor
Chicago, IL 60603-2802

BankFinancial FSB
c/o Transworld Systems
1375 E. Woodfield Rd., #110
Schaumburg, IL 60173

Dex
8519 Innovation Way
Chicago, IL 60682-0085

IL Bone and Joint Institute
5057 Paysphere Circle
Chicago, IL 60674

BankFinancial FSB
Manager Exceptions
6415 West 95th Street
Chicago RIdge, IL 60415

Discover Financial
Attn: Bankruptcy Dept
P. O. Box 3025
New Albany, OH 43054

Illinois Services Directory
Manufacturers' News, Inc.
1633 Central Street
Evanston, IL 60201-1569

Bluegreen Corp
4960 Blue Lake Drive
Boca Raton, FL 33431

Discover Financial
P. O. 15316
Wilmington, DE 19850

Infinity Healthcare Phy
c/o NCO/Inovision
507 Prudential Road
Horsham, PA 19044

Infinity Healthcare Phys.
c/o NCO-medclr
P. O. Box 8547
Philadelphia, PA 19101

Sears/Citibank
701 East 60th Street N
Sioux Falls, SD 57117

Internal Revenue Service
230 South Dearborn Street
Stop 5014CHI
Chicago, IL 60604

Target
P. O. Box 560284
Dallas, TX 75356

Kia Motors Finance
P. O. Box 20815
Fountain Valley, CA 92728

Telescan
10679 Midwest Industrial Blvd.
St. Louis, MO 63132

Macys/FDSB
Macy's Bankruptcy
P. O. Box 8053
Mason, OH 45040

University of Chicago Med Ctr
c/o Trustmark Recovery Serv.
841 Otis Bowen Drive
Munster, IN 46321

MCI
c/o LVNV Funding
P. O. Box 740281
Houston, TX 77274

Wells Fargo Bank NA
c/o Client Services, Inc.
3451 Harry Truman Blvd.
St. Charles, MO 63301-4047

North Shore Medical Group
c/o Med Business Bureau
1460 Renaissance Drive
Park Ridge, IL 60068

Wells Fargo Business
P. O. Box 29482
Phoenix, AZ 85038

Northshore Laboratory Services
c/o Transworld Systems
1375 E. Woodfield Road, #110
Schaumburg, IL 60173

Wells Fargo/Security Credit
c/o Leading Edge Recovery
5440 N. Cumberland Ave., #300
Chicago, IL 60656-1490

NorthShore University Health
9851 Eagle Way
Chicago, IL 60678-0001

Yellow Pages United
P. O. Box 53251
Atlanta, GA 30355

NorthShore University Health
c/o Medical Recovery
2250 E. Devon Ave., #352
Des Plaines, IL 60018-4519

Sears/Citibank
133200 Smith Road
Cleveland, OH 44130

B203
12/94

# United States Bankruptcy Court
## Northern District of Illinois

In re  Gregory R. Whipple & Janet D. Whipple

Case No. _____

Chapter _____ 7 _____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ........................…………………………… $ ___2,946.50___

Prior to the filing of this statement I have received ........…………………………… $ ___2,946.50___

Balance Due ...........................................…………………………………….............. $ _____0.00_____

2.  The source of compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

4.  ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

☐   I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. [Other provisions as needed]
Upon confirmation of written Post-Petition Fee Agreement for payment of Balance Due, representation of the Debtor at the
meeting of creditors and confirmation hearing, and any adjourned hearings thereof.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

February 8, 2011                          /s/ James T Magee
_____               _____
*Date*                                    *Signature of Attorney*

                                          Magee, Negele & Associates, P.C.
                                          _____
                                          *Name of law firm*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.0-756 - 32262-301X-02210 - Adobe PDF

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                                    )    Chapter 7
   Gregory R. Whipple                                )    Bankruptcy Case No.

   Janet D. Whipple                                    )

                                            )
   Debtor(s).                                           )

**DECLARATION REGARDING ELECTRONIC FILING**
Signed by Debtor(s) or Corporate Representative
**To Be Used When Filing over the Internet**

PART I - DECLARATION OF PETITIONER                Date:_____
A.      To be completed in all cases.

        I(We) **Gregory R. Whipple** and Janet D. Whipple

        , the undersigned debtor(s), corporate officer, partner, or member, hereby declare under penalty of perjury that the information I(we) have given my (our)attorney, including correct social security number(s) and the information provided in the electronically filed petition, statements, schedules, and if applicable, application to pay filing fee in installments, and Application for Waiver of the Chapter 7 Filing Fee, is true and correct. I(we) consent to my(our) attorney sending the petition, statements, schedules, and this DECLARATION to the United States Bankruptcy Court. I(we) understand that this DECLARATION must be filed with the Clerk in addition to the petition. I(we) understand that failure to file this DECLARATION will cause this case to be dismissed pursuant to 11 U.S.C. sections 707(a) and 105.

B.      To be checked and applicable only if the petitioner is an individual (or individuals) whose debts are primarily consumer debts and who has (or have) chosen to file under chapter 7.

      ☒      I(we) am(are) aware that I(we) may proceed under chapter 7, 11, 12, or 13 of Title 11 United States Code; I(we) understand the relief available under each such chapter; I(we) choose to proceed under chapter 7; and I(we) request relief in accordance with chapter 7.

C.      To be checked and applicable only if the petition is a corporation, partnership, or limited liability entity.

      ☐      I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.  The debtor requests relief in accordance with the chapter specified in the petition.

Signature:_____      Signature:_____
      (Debtor or Corporate Officer, Partner or Member)                (Joint Debtor)